JOURNAL ENTRY AND OPINION
{¶ 1} Appellant I.A.[1] appeals the finding by the juvenile court division that he is delinquent of murder and aggravated robbery. After a thorough review of the arguments, and for the reasons set forth below, we affirm.
 {¶ 2} On August 17, 2006, appellant was charged with one count of murder, under R.C. 2903.02(B), and two counts of aggravated robbery, under R.C. 2911.01(A)(1) and(3). Appellant was fifteen years of age at the time. On October 25, 2006, the juvenile court conducted a hearing and determined that probable cause existed. At an amenability hearing on December 19, 2006, the court found that appellant was amenable to rehabilitation within the juvenile system.
 {¶ 3} On February 28, 2007, trial began. The court denied appellant's Crim.R. 29 motion for acquittal and found him delinquent of murder under R.C. 2903.02(B), and aggravated robbery under R.C. 2911.01(A)(3). The court found him not delinquent of aggravated robbery under R.C.2911.01(A)(1). On March 5, 2007, the court committed appellant to the Ohio Department of Youth Services for one year for aggravated robbery and, for murder, until he turns 21 years old. *Page 4 
 Facts {¶ 4} The incident that gave rise to this appeal occurred on August 9, 2006. As Vernon Bass waited at a bus stop, a group of four teenaged males, including T.D., A.W., B.H. ("the decedent"), and appellant, gathered nearby. T.D. struck Mr. Bass from behind. The group then surrounded him and backed him down the street. One of the teenagers told Mr. Bass that it would cost a dollar for him to call off the attack, but Mr. Bass would not give them any money.
 {¶ 5} After pushing Mr. Bass half a block down the street, the teenagers struck him in the back with a rock. After he fell, the teenagers kicked him. During the attack, Mr. Bass wounded the decedent with a small knife. The teenagers fled the scene, and Mr. Bass returned home. While running from the scene with appellant, the decedent collapsed. Ultimately, the decedent died due to the knife injury.
 {¶ 6} At the probable cause hearing, Mr. Bass testified that T.D. was the initial instigator who knocked him down. After the decedent began dragging Mr. Bass, Mr. Bass stabbed him. At trial, Mr. Bass testified that he had extreme difficulty walking the day after he was attacked; that he was unable to work for about six weeks; and that he had lacerations and a knot on his back. Mr. Bass also stated that he did not go to the hospital or call the police.
 {¶ 7} Appellant testified that he remained at the scene and made two statements to the police. He admitted that he was among the group of teenagers, *Page 5 
but that he only got involved after he saw Mr. Bass stabbing the decedent. Appellant claims he kicked Mr. Bass in order to free the decedent. Appellant stated that he and the decedent "weren't trying to be a part of that."
 Review and Analysis {¶ 8} Appellant brings this appeal asserting two assignments of error for our review. Because the assignments of error are substantially interrelated, we will address them together.
 {¶ 9} "I. The trial court erred by denying appellant's Crim.R. 29 motion because the state presented insufficient evidence to establish the charges.
 {¶ 10} "II. The trial court's findings of delinquency were against the manifest weight of the evidence."
 {¶ 11} Appellant argues that there was insufficient evidence to support the findings of delinquency and that these findings were against the manifest weight of the evidence. We disagree.
 {¶ 12} Whether the evidence is legally sufficient to sustain a verdict is a question of law. Under Crim.R. 29, "the court on motion of the defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction on such offense or offenses." *Page 6 
 {¶ 13} Whether phrased in terms of a Crim.R. 29 motion, or in terms of a sufficiency of the evidence argument, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. See State v. Thompkins
(1997), 78 Ohio St.3d 380, 678, 678 N.E.2d 541; State v. Jenks (1991)61 Ohio St.3d 259, 574 N.E.2d 492. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v.Robinson (1955), 162 Ohio St. 486, 124 N.E.2d 148. A conviction based on legally insufficient evidence constitutes a denial of due process.Tibbs v. Florida (1982), 457 U.S. 31, citing Jackson v. Virginia (1979),443 U.S. 307.
 {¶ 14} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the trier of fact as to the weight and sufficiency of the evidence. State v. Nicely (1988),39 Ohio St.3d 147, 529 N.E.2d 1236. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, 529 N.E.2d 212. On review, the appellate court must determine, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks, supra; Jackson v.Virginia, supra. *Page 7 
 {¶ 15} Sufficiency of the evidence is subjected to a different standard than is manifest weight of the evidence. Article IV, Section3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v.Cleveland (1948), 150 Ohio St. 303, 345.
 {¶ 16} The United States Supreme Court recognized the distinctions in considering a claim based upon the manifest weight of the evidence as opposed to sufficiency of that evidence. The court held in Tibbs v.Florida, supra, that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43. Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983),20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 17} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and *Page 8 
created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Martin at 720.
 Aggravated Robbery (R.C. 2911.01) {¶ 18} Appellant argues that there was insufficient evidence to find him delinquent of aggravated robbery. More specifically, he alleges that there is no evidence that he participated in the robbery or that he intended or attempted to inflict serious physical harm. This argument is without merit.
 {¶ 19} Under R.C. 2911.01(A)(3), "no person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following: * * * inflict, or attempt to inflict, serious physical harm on another."
 {¶ 20} According to appellant, the threat, "Give [me] a dollar and [I'll] call them off," does not support an attempt to commit a theft offense. We disagree. Aggravated robbery does not require a specific monetary value. Further, "theft" as defined in R.C. 2913.02(A)(4), does not require a certain amount. R.C. 2913.02(A)(4) only requires that appellant used a threat to deprive Mr. Bass of his property. Essentially, the teenagers threatened Mr. Bass with continuing the attack if he refused to pay them a dollar.
 {¶ 21} Appellant also contends that, because he was not the person to demand the money, he did not intend to commit a theft offense. However, Mr. Bass testified that appellant was one of the members of the group who attacked him. *Page 9 
Therefore, appellant participated in the robbery, regardless of whether he spoke any words.
 {¶ 22} Appellant alleges that he did not intend to inflict serious physical harm on Mr. Bass because he did not kick him until after Mr. Bass stabbed the decedent. However, Mr. Bass testified that appellant was one of the four people who kicked him before the stabbing. All of the teenagers acted together to harm Mr. Bass, which ultimately resulted in his injuries.
 {¶ 23} Finally, appellant also argues that Mr. Bass' "lumps, scratches, and bruises" do not constitute "serious physical harm." Under R.C. 2901.01(A)(5), "serious physical harm" includes "any physical harm that involves * * * some temporary, substantial incapacity." Mr. Bass testified that, as a result of his back injury, he had a difficult time walking the day after the attack. Further, he was unable to work for six weeks, which is clearly a temporary, substantial incapacity.
 Murder (R.C. 2903.02) {¶ 24} Appellant argues that there was insufficient evidence to find him delinquent of murder. More specifically, he argues that there is no evidence that he caused the decedent's death. We do not agree.
 {¶ 25} Under R.C. 2903.02(B), "no person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code." In State v. Muntaser, Cuyahoga *Page 10 
App. No. 81915, 2003-Ohio-5809, this court held that, in establishing causation for the purposes of felony murder, the identity of the killer is irrelevant. "A defendant can be held criminally responsible for the killing regardless of the identity of the person killed or the identity of the person whose act directly caused the death, so long as the death is the `proximate result' of defendant's conduct in committing the underlying felony offense." Id.
 {¶ 26} Here, the group of teenagers committed the aggravated robbery together. The aggravated robbery led to the decedent's death, which makes the death a proximate result of appellant's conduct in committing aggravated robbery. Therefore, we find that there was sufficient evidence to support delinquency of murder.
 Manifest Weight {¶ 27} Appellant's final argument is that both of the court's findings of delinquency are against the manifest weight of the evidence. According to appellant, these findings were not proved beyond a reasonable doubt and are not supported by the manifest weight of the evidence. We disagree.
 {¶ 28} Appellant claims that Mr. Bass did not remember the incident accurately. However, under a manifest weight standard of review, the proper determination is whether the trier of fact completely lost its way in rendering its verdict. Here, we cannot say that the court, as trier of fact, lost its way. The court was presented with evidence and testimony from both sides. The state provided *Page 11 
sufficient credible evidence that a trier of fact could reasonably believe. For example, Mr. Bass testified about the incident and stated that appellant was one of the four boys who attacked him. Further, several of the investigating police officers testified that appellant changed his story a few times. Based on all of the evidence, the court chose to give credence to the state's testimony and find appellant delinquent of aggravated robbery and murder. We find that the court's findings of delinquency were not against the manifest weight of the evidence.
 {¶ 29} Because we find that there is sufficient evidence to find appellant delinquent of aggravated robbery and murder, and the convictions were not against the manifest weight of the evidence, appellant's first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
 COLLEEN CONWAY COONEY, J., and *Page 12 
MELODY J. STEWART, J., CONCUR
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases. *Page 1